JEAN E. WILLIAMS
Acting Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice
MICHAEL S. SAWYER (DC Bar No. 1009040)
Trial Attorney, Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel:  (202) 514-5273
Fax:  (202) 305-0275
E-mail:  michael.sawyer@usdoj.gov

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| WILDEARTH GUARDIANS, MONTANA ENVIRONMENTAL INFORMATION CENTER, CENTER FOR BIOLOGICAL DIVERSITY, SIERRA CLUB, and WATERKEEPER ALLIANCE, INC.,<br><br>        Plaintiffs,<br>    vs.<br><br>U.S. BUREAU OF LAND MANAGEMENT, an agency within the U.S. Department of the Interior; DEBRA HAALAND, in her official capacity as Secretary of the United States Department of the Interior[1]; and DONATO JUDICE, in his official capacity as Montana Bureau of Land Management Deputy State Director,<br><br>        Defendants. | Case No. 4:21-cv-00004-BMM-JTJ<br><br>**DEFENDANTS' ANSWER** |

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Secretary Haaland is automatically substituted as a party for former Secretary Bernhardt.

Defendants U.S. Bureau of Land Management, Debra Haaland, in her official capacity as Secretary of the United States Department of the Interior, and Donato Judice, in his official capacity as Montana Bureau of Land Management Deputy State Director, hereby respond to Plaintiffs' Complaint, ECF No. 1.  The numbered paragraphs herein correspond to the numbered paragraphs in Plaintiffs' Complaint.

1.      The allegations in paragraph 1 provide Plaintiffs' characterization of their case, to which no response is required.  To the extent a response to the allegations in paragraph 1 is required, the allegations are denied.

2.      The allegations in first sentence of paragraph 2 provide Plaintiffs' characterization of their prior case, to which no response is required.  To the extent a response to the allegations in the first sentence of paragraph 2 is required, the allegations are denied.  The remaining allegations in paragraph 2 characterize the Court's decision in *Wildearth Guardians v. U.S. Bureau of Land Mgmt.*, 457 F. Supp. 3d 880 (D. Mont. 2020).  To the extent those remaining allegations purport to characterize the decision, the decision speaks for itself and is the best evidence of its contents.  To the extent that the remaining allegations are inconsistent with the decision, Defendants deny these allegations.

3.      In response to allegations contained in the first sentence of paragraph 3, the Defendants admit that BLM conducted federal oil and gas lease sales in July 2019, September 2019, December 2019, March 2020, and September 2020.  Defendants deny the remaining allegations contained in paragraph 3.

4.      Defendants deny the allegations in paragraph 4.

5.      Defendants deny the allegations in paragraph 5.

6.      In response to the allegations in the first sentence of paragraph 6, Defendants admit that Plaintiffs sent a letter on May 21, 2020.  To the extent any of the allegations in the first sentence purport to characterize the letter, the letter speaks for itself and is the best evidence of its contents. To the extent that the allegations in the first sentence of paragraph 6 are inconsistent with the letter, Defendants deny these allegations.  BLM admits that it did not formally respond to the letter, but it otherwise denies the allegations in the second sentence of paragraph 6.

7.      The Defendants deny the allegations contained in the first sentence of paragraph 7.  The remaining allegations in paragraph 7 provide Plaintiffs' characterization of their case, to which no response is required.  To the extent a response to the remaining allegations in paragraph 7 is required, the allegations are denied.

8.      The allegations in paragraph 8 constitute conclusions of law to which no response is required.

9.      The allegations in paragraph 9 constitute conclusions of law to which no response is required.

10.      The allegations in paragraph 10 constitute conclusions of law to which no response is required.

11.      Defendants lack information or belief sufficient to either admit or deny the allegations in paragraph 11, and on that basis deny the same.

12.     Defendants lack information or belief sufficient to either admit or deny the allegations in paragraph 12.

13.     Defendants lack information or belief sufficient to either admit or deny the allegations in paragraph 13.

14.     Defendants lack information or belief sufficient to either admit or deny the allegations in paragraph 14.

15.     Defendants lack information or belief sufficient to either admit or deny the allegations in paragraph 15.

16.     In response to paragraph 16, Defendants admit only that Plaintiffs participated in BLM's administrative process and aver that the administrative record of Plaintiffs' participation speaks for itself and is the best evidence of its contents. To the extent that the allegations in the first sentence of paragraph 16 are inconsistent with the administrative record, Defendants deny these allegations. The allegations in the second sentence of paragraph 16 constitute a conclusion of law to which no response is required.

17.     Defendants lack information or belief sufficient to either admit or deny the allegations in the first and fifth sentences of paragraph 17.  Defendants deny the remaining allegations in paragraph 17.

18.     Defendants admit the allegations in paragraph 18.

19.     Defendants aver that Debra Haaland is the Secretary of the Interior and that she is substituted for former Secretary David Bernhardt pursuant to Federal Rule of Civil Procedure 25(d).

20.     The first sentence of paragraph 20 constitutes conclusions of law to which no response is necessary.  Defendants admit the allegations in the second sentence of paragraph 20.

21.     The allegations in paragraph 21 purport to characterize the National Environmental Policy Act ("NEPA"), which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 21 are inconsistent with NEPA, Defendants deny the allegations.

22.     The allegations in paragraph 22 purport to characterize NEPA, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 22 are inconsistent with NEPA, Defendants deny the allegations.

23.     The allegations in paragraph 23 purport to characterize NEPA and a case, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 23 are inconsistent with NEPA or the cited case, Defendants deny the allegations.

24.     The allegations in paragraph 24 purport to characterize NEPA, its implementing regulations, and a case, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 24 are inconsistent with NEPA, its implementing regulations, or the cited case, Defendants deny these allegations.

25.     The allegations in paragraph 25 purport to characterize NEPA, its implementing regulations, and a case, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 25 are

inconsistent with NEPA, its implementing regulations, or the cited case, Defendants deny these allegations.

26.     The allegations in paragraph 26 purport to characterize NEPA, its implementing regulations, and several cases, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 26 are inconsistent with NEPA, its implementing regulations, or the cited cases, Defendants deny these allegations.

27.     The allegations in paragraph 27 purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 27 are inconsistent with NEPA or its implementing regulations, Defendants deny these allegations.

28.     The allegations in paragraph 28 purport to characterize NEPA, its implementing regulations, and several cases, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 28 are inconsistent with NEPA, its implementing regulations, or the cited cases, Defendants deny these allegations.

29.     The allegations in paragraph 29 purport to characterize NEPA, its implementing regulations, and several cases, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 29 are inconsistent with NEPA, its implementing regulations, or the cited cases, Defendants deny these allegations.

30.     The allegations in paragraph 30 purport to characterize NEPA, its implementing regulations, and several cases, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 30 are inconsistent with NEPA, its implementing regulations, or the cited cases, Defendants deny these allegations.

31.     The allegations in paragraph 31 purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 31 are inconsistent with the APA, Defendants deny the allegations.

32.     The allegations in paragraph 32 purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 32 are inconsistent with the APA, Defendants deny the allegations.

33.     The allegations in Paragraph 33 are too vague and ambiguous to permit Defendants to either admit or deny the allegations, and are thus denied on that basis.

34.     The allegations contained in the first and second sentences of Paragraph 34 are too vague and ambiguous to permit Defendants to either admit or deny the allegations, and are thus denied on that basis.  The allegations in the third sentence of paragraph 34 purport to characterize an EPA report, which speaks for itself and is the best evidence of its content.  To the extent that the allegations in the third sentence of paragraph 34 are inconsistent with the EPA report, Defendants deny these allegations.

35.     The allegations contained in the first sentences of Paragraph 35 are too vague and ambiguous to permit Defendants to either admit or deny the allegations, and are thus denied on that basis.  The allegations in the second sentence of paragraph 35 purport to characterize the Safe Drinking Water Act, which Act speaks for itself and is the best evidence of its content. To the extent that the allegations in the second sentence of paragraph 35 are inconsistent with the Act, Defendants deny these allegations.

36.     Defendants admit the allegations in the first two sentences in paragraph 36. The allegations in the third sentence of paragraph 36 purport to characterize an EPA report, which speaks for itself and is the best evidence of its content.  To the extent that the allegations in the third sentence of paragraph 36 are inconsistent with the EPA report, Defendants deny these allegations. In response to the fourth sentence in paragraph 36, Defendants aver that operators must properly install and cement metal surface well casing below the deepest protected water source and otherwise deny the remaining allegations in the fourth sentence in paragraph 36 as vague.

37.     The allegations in paragraph 37 purport to characterize Onshore Oil and Gas Order No. 2 and BLM regulations, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 37 are inconsistent with Onshore Oil and Gas Order No. 2 or BLM regulations, Defendants deny these allegations.

38.     The allegations in paragraph 38 purport to characterize Onshore Oil and Gas Order No. 2 and BLM regulations, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 38 are

inconsistent with Onshore Oil and Gas Order No. 2 or BLM regulations, Defendants deny these allegations.

39.    Defendants deny the first sentence of paragraph 39.  The allegations contained in the second sentence of paragraph 39 purport to characterize portions of the Regulatory Impact Analysis for the Final Rule to Rescind the 2015 Hydraulic Fracturing Rule, which rule speaks for itself and is the best evidence of its contents. To the extent the allegations in the second sentence are inconsistent with the analysis, Defendants deny these allegations.

40.    Defendants admit that "in 2015, BLM adopted new standards to ensure that wells are properly constructed and protect all usable water zones."  The remaining allegations in the first sentence of paragraph 40 are too vague and ambiguous to permit Defendants to either admit or deny the allegations, and are thus denied on that basis.  The allegations contained in the second and third sentence of paragraph 40 purport to characterize BLM, Oil and Gas; Hydraulic Fracturing on Federal and Indian Lands Rule, which rule speaks for itself and is the best evidence of its contents. To the extent the allegations in the second and third sentence in paragraph 40 are inconsistent with the rule, Defendants deny these allegations.  The allegations contained in the fourth sentence of paragraph 40 purport to characterize the rescission of BLM, Oil and Gas; Hydraulic Fracturing on Federal and Indian Lands Rule, which rescission speaks for itself and is the best evidence of its contents. To the extent the allegations in the fourth sentence are inconsistent with the rescission, Defendants deny these allegations.  Defendants deny the allegations in the fifth sentence of paragraph 40.

41.     The allegations contained in the first sentence are too vague and ambiguous to permit Defendants to either admit or deny the allegations, and are thus denied on that basis.  The allegations contained in the second and third sentence of paragraph 41 purport to characterize Montana and North Dakota state regulations, which regulations speak for themselves and are the best evidence of their contents. To the extent the allegations in the second and third sentence in paragraph 41 are inconsistent with the state regulations, Defendants deny these allegations.

42.     The allegations contained in the first sentence are too vague and ambiguous to permit Defendants to either admit or deny the allegations, and are thus denied on that basis. The allegations contained in the second, third and fourth sentence of paragraph 42 purport to characterize rulemaking comments submitted to BLM by two trade associations, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in the second, third and fourth sentences in paragraph 42 are inconsistent with the comments, Defendants deny these allegations. The allegations in the fifth sentence in paragraph 42 purport to characterize Montana and North Dakota state regulations, which regulations speak for themselves and are the best evidence of their contents. To the extent the allegations in the fifth sentence in paragraph 42 are inconsistent with the state regulations, Defendants deny these allegations.

43.     The allegations contained in the first and second sentence of paragraph 43 purport to characterize rulemaking comments submitted to BLM by two trade associations, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in the first and second sentences in paragraph 43 are

inconsistent with the comments, Defendants deny these allegations.  BLM denies the allegations in the third sentence of paragraph 43.

44.    The allegations contained in paragraph 44 purport to characterize a report written by Dominic Digiulio which report speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 44 are inconsistent with the report, Defendants deny these allegations.

45.    The allegations contained in the first, second, and third sentences of Paragraph 45 are too vague and ambiguous to permit Defendants to either admit or deny the allegations, and are thus denied on that basis.  The allegations contained in the fourth sentence of paragraph 45 purport to characterize a 2015 rule, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the rule, Defendants deny these allegations.

46.    The allegations contained in the first and second sentences of Paragraph 40 are too vague and ambiguous to permit Defendants to either admit or deny the allegations, and are thus denied on that basis.  The allegations in the third sentence of paragraph 46 purport to characterize an EPA report, which speaks for itself and is the best evidence of its content.  To the extent that the allegations in the third sentence of paragraph 46 are inconsistent with the EPA report, Defendants deny these allegations.

47.    The allegations in paragraph 47 purport to characterize an EPA report, which speaks for itself and is the best evidence of its content.  To the extent that the allegations in paragraph 47 are inconsistent with the EPA report, Defendants deny these allegations.

48.    The allegations in paragraph 48 purport to characterize two studies which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 48 are inconsistent with those studies, Defendants deny these allegations.

49.    The allegations contained in the first and second sentences of Paragraph 40 are too vague and ambiguous to permit Defendants to either admit or deny the allegations, and are thus denied on that basis.  The allegations in the second sentence of paragraph 49 purport to characterize an EPA report, which speaks for itself and is the best evidence of its content.  To the extent that the allegations in the second sentence of paragraph 49 are inconsistent with the EPA report, Defendants deny these allegations.

50.    Defendants deny the allegations in paragraph 50.

51.    Defendants admit the allegations in the first sentence of paragraph 51. The remaining allegations in paragraph 51 purport to characterize two reports, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 51 are inconsistent with the reports, Defendants deny these allegations.

52.    The allegations in paragraph 52 purport to characterize Secretarial Order 3226, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 52 are inconsistent with Secretarial Order 3226, Defendants deny these allegations.

53.    The allegations in paragraph 53 purport to characterize a GAO report, which speaks for itself and is the best evidence of its contents. To the extent that the

allegations in paragraph 53 are inconsistent with the GAO report, Defendants deny these allegations.

54.    The allegations in paragraph 54 purport to characterize Secretarial Order 3289, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 54 are inconsistent with the Secretarial Order, Defendants deny these allegations.

55.    The allegations contained in the first sentence of Paragraph 55 are too vague and ambiguous to permit Defendants to either admit or deny the allegations, and are thus denied on that basis.  The remaining allegations of paragraph 55 purport to characterize Secretarial Orders 3226 and 3289, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 55 are inconsistent with the Secretarial Orders, Defendants deny these allegations.

56.    The allegations in paragraph 56 purport to characterize the Mineral Leasing Act, the Federal Land Policy and Management Act, and a case, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 56 are inconsistent with the Mineral Leasing Act, the Federal Land Policy and Management Act, or the cited case, Defendants deny these allegations.

57.    Defendants admit the allegations in paragraph 57.

58.    Defendants admit the allegations in paragraph 58.

59.    Defendants admit the allegations in paragraph 59.

60.    The allegations in paragraph 60 purport to characterize cited cases, which speak for themselves and are the best evidence of their contents. To the extent that the

allegations in paragraph 60 are inconsistent with the cited cases, Defendants deny these allegations.

61.     The first sentence of paragraph 61 purports to characterize two regulations, which speak for themselves and are the best evidence of their contents.  To the extent that the allegations in the first sentence of paragraph 61 are inconsistent with the cited regulations, Defendants deny these allegations.  Defendants deny the allegations in the second sentence of paragraph 61.

62.     Defendants admit the allegations in paragraph 62.

63.     The allegations in paragraph 63 purport to characterize a previous complaint filed by Plaintiffs, which complaint speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 63 are inconsistent with the previously filed complaint, Defendants deny these allegations.

64.     The allegations in paragraph 64 purport to characterize a previous complaint filed by Plaintiffs, which complaint speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 64 are inconsistent with the previously filed complaint, Defendants deny these allegations.

65.     The allegations in paragraph 65 purport to characterize a previous complaint filed by Plaintiffs, which complaint speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 65 are inconsistent with the previously filed complaint, Defendants deny these allegations.

66.     Defendants admit the allegations in paragraph 66.

67.     The allegations in paragraph 67 purport to characterize an order issued in *Wildearth Guardians v. BLM,* et. al, 4:18-cv-00073, which order speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 67 are inconsistent with the order, Defendants deny these allegations.

68.     The allegations in paragraph 68 purport to characterize an order issued in *Wildearth Guardians v. BLM,* et. al, 4:18-cv-00073, which order speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 68 are inconsistent with the order, Defendants deny these allegations.

69.     The allegations in paragraph 69 purport to characterize an order issued in *Wildearth Guardians v. BLM,* et. al, 4:18-cv-00073, which order speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 69 are inconsistent with the order, Defendants deny these allegations.

70.     The allegations in paragraph 70 purport to characterize an order issued in *Wildearth Guardians v. BLM,* et. al, 4:18-cv-00073, which order speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 70 are inconsistent with the order, Defendants deny these allegations.

71.     Defendants admit the first sentence in paragraph 71.  The second sentence is a characterization of Plaintiffs' case, to which no response is required.  To the extent a response to the allegations in the second sentence of paragraph 71 is required, the allegations are denied.  Defendants admit the allegations in paragraphs 71(a) through 71(e).

72.     Defendants admit the allegations in paragraph 72.

73.     The first sentence in paragraph 73 is a characterization of Plaintiffs' case, to which no response is required.  To the extent a response to the allegations in the first sentence of paragraph 73 is required, the allegations are denied.

a.      Defendants deny the first sentence of paragraph 73(a).  The allegations in the second sentence of 73(a) purport to characterize the lease sale Environmental Assessments (EAs), the EAs speak for themselves and are the best evidence of their contents.  To the extent that the allegations in paragraph 73(a) are inconsistent with the EAs, Defendants deny these allegations.

b.      Defendants deny the allegations in paragraph 73(b).

c.      Defendants admit the allegations in the first sentence of paragraph 73(c). Defendants deny the allegations in the second and third sentence of paragraph 73(c).

d.      Defendants deny the allegations in paragraph 73(d).

e.      The allegations in paragraph 73(e) purports to characterize the EAs, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 73(e) are inconsistent with the EAs, Defendants deny these allegations.

f.      Defendants deny the allegations in paragraph 73(f).

g.      Defendants deny the allegations in paragraph 73(g).

h.      The allegations in the first two sentences of paragraph 73(h) are too vague to permit Defendants to either admit or deny the allegations. The allegations in the third sentence of paragraph 73(g) purport to characterize the EAs and a case, which speak for themselves and are the best evidence of their contents. To the extent that the allegations

in the third sentence of paragraph 73(g) are inconsistent with the EAs or the cited case, Defendants deny these allegations.

    i.    The allegations in the first sentence of paragraph 73(i) purport to characterize a regulation and the EAs, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in the first sentence of paragraph 73(i) are inconsistent with the cited regulation or the EAs, Defendants deny these allegations. The remaining allegations in paragraph 73(i) purport to characterize the EAs, which speak for themselves and are the best evidence of their contents. To the extent that the remaining allegations in paragraph 73(i) are inconsistent with the cited regulation or the EAs, Defendants deny these allegations.

    74.    In response to the allegations in paragraph 74, Defendants admit that Plaintiff sent a letter on May 21, 2020.  To the extent any of the allegations of paragraph 74 purport to characterize the letter, which letter speaks for itself and is the best evidence of its contents.  To the extent any of the allegations are inconsistent with the letter, Defendants deny the allegations.

    75.    Defendants admit that BLM did not respond to Plaintiffs' letter, but otherwise deny the allegations in paragraph 75 as vague and ambiguous.

    76.    The allegations in paragraph 76 are a characterization of Plaintiffs' case, to which no response is required.  To the extent a response to the allegations in paragraph 76 is required, the allegations are denied.

**77.**     The allegations in paragraph 77 are a characterization of Plaintiffs' case, to which no response is required.  To the extent a response to the allegations in paragraph 77 is required, the allegations are denied.

78.     Defendants incorporate by reference their answers to paragraphs 1 through 77.

79.     The allegations in paragraph 79 purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 79 are inconsistent with NEPA or its implementing regulations, Defendants deny these allegations.

80.     Defendants deny the allegations in paragraph 80.

81.     Defendants deny the allegations in paragraph 81.

82.     Defendants deny the allegations in paragraph 82.

83.     Defendants deny the allegations in paragraph 83.

84.     Defendants incorporate by reference their answers to paragraphs 1 through 83.

85.     The allegations in paragraph 85 purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 85 are inconsistent with NEPA or its implementing regulations, Defendants deny these allegations.

86.     Defendants deny the allegations in paragraph 86.

87.     Defendants incorporate by reference their answers to paragraphs 1 through 86.

88.     The allegations in paragraph 88 purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 88 are inconsistent with NEPA or its implementing regulations, Defendants deny these allegations.

89.     Defendants deny the allegations in paragraph 89.

90.     Defendants deny the allegations in paragraph 90.

91.     Defendants incorporate by reference their answers to paragraphs 1 through 90.

92.     The allegations in paragraph 92 purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 92 are inconsistent with NEPA or its implementing regulations, Defendants deny these allegations.

93.     Defendants deny the allegations in paragraph 93.

94.     The allegations in paragraph 94 purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 94 are inconsistent with NEPA or its implementing regulations, Defendants deny these allegations.

95.     Defendants deny the allegations in paragraph 95.

**RELIEF REQUESTED**

The remainder of Plaintiffs' Complaint constitutes Plaintiffs' request for relief and legal conclusions, to which no response is required. To the extent a response is required,

Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Defendants deny any allegations in Plaintiffs' Complaint, whether express or implied, that are not specifically admitted, denied or qualified herein.

## AFFIRMATIVE DEFENSES

1.  Plaintiffs have failed to state a claim upon which relief can be granted.

2.  This Court lacks subject matter jurisdiction to review some or all of Plaintiffs' claims.

3.  Some Plaintiffs may lack standing.

4.  Some or all of Plaintiffs' claims may have been waived.

5.  Plaintiffs' claims may be barred by the statute of limitations.

6.  Plaintiffs may be estopped from asserting their claims.

WHEREFORE, Defendants respectfully pray that this Court deny in all respects Plaintiffs' request for relief, dismiss Plaintiffs' Complaint, enter judgment for Defendants, and grant to Defendants such other relief as may be appropriate.


DATE: July 6, 2021                    Respectfully submitted,

                                      JEAN E. WILLIAMS
                                      Acting Assistant Attorney General
                                      United States Department of Justice
                                      Environment and Natural Resources Division


                                       _/s/ Michael S. Sawyer_

MICHAEL S. SAWYER
Trial Attorney, Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: 202-514-5273
E-mail: michael.sawyer@usdoj.gov

*Counsel for Defendants*